UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND;
CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS;
WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT
AND APPRENTICESHIP FUND;
JOINT LABOR MANAGEMENT WORK PRESERVATION FUND;
TERRANCE E. MCGOWAN; and INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 139 AFL-CIO,

          Plaintiffs,
v.                                              Case No. 08-CV-597

HAWK CONSTRUCTION LLC,

          Defendant.
_____

## ORDER

On July 11, 2008, plaintiffs filed a complaint against Hawk Construction, LLC ("Hawk") alleging Hawk failed to make timely contributions to plaintiffs on behalf of its employees covered by a collective bargaining agreement. A summons was returned executed by plaintiffs indicating Hawk was served on July 29, 2008. (Docket #5). Accordingly, Hawk's responsive pleading was due on August 18, 2008. *See* Fed. R. Civ. 12(a)(1)(A)(I). To date, Hawk has not filed any responsive pleading. On February 10, 2009, the court issued an order, pursuant to Local Civil Rule 41.2, giving the parties notice that the court would dismiss the case for failure to prosecute if Hawk did not respond, and if plaintiffs did not move for default judgment within twenty days.

On February 25, 2009, plaintiffs filed a notice and motion for entry of default and for default judgment against Hawk. (Docket #7). Hawk was served plaintiffs' notice and motion by mail on February 29, 2009. Since then, Hawk has neither appeared nor otherwise responded to plaintiffs' motion. The clerk of the court entered Hawk's default on February 26, 2009. Although somewhat ambiguous, the court construes plaintiffs' motion to be a request for default judgment made pursuant to Fed. R. Civ. P. 55(b)(2).

Under Fed.R.Civ.P. 55(b)(2), the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). Upon entry of default by the clerk, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). In their complaint, plaintiffs allege three counts against Hawk: (1) that Hawk violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145 by failing to make monthly fringe benefit contributions to, and filing timely reports with plaintiffs in accordance with a collective bargaining agreement; (2) that Hawk violated the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 by failing to deduct union dues from its employees' wages and remit those amounts to plaintiffs in accordance with a collective bargaining agreement; and (3) that Hawk violated the LMRA by failing

to make contributions to plaintiff Joint Labor Management Work Preservation Fund in accordance with a collective bargaining agreement. Taking these allegations as true, the court finds that Hawk violated the ERISA and the LMRA by failing to make contributions and remit dues to plaintiffs on behalf of its employees, as required under the parties' collective bargaining agreement.

Before the court may award damages in a default judgment, plaintiffs must show that they are entitled to such damages. *Graham*, 51 F.3d 713. Here, plaintiffs have filed an itemization of damages, which includes the following: (1) $144,595.35 due for delinquent fringe benefit contributions; (2) $18,948.96 in "delinquent payment assessments"; (3) $8,970.55 in interest; and (4) $1,140.00 in attorneys' fees. (Docket #9). In support of their motion, plaintiffs include a copy of an audit report detailing the amounts owed by Hawk, and an affidavit from a custodian of plaintiffs' records verifying the results of that audit. (Docket ##'s 7, 12). However, plaintiffs have not provided the court with a copy of their collective bargaining agreements, or otherwise cited applicable provisions of those agreements. Nor have plaintiffs cited any specific statutory provisions of the ERISA or the LMRA that authorize the court to award the exact damages they seek. As a result, the court is unable to determine at this juncture what, if any, damages are appropriate in this case. Rather than grant a hearing under Fed. R. Civ. P. 55(b)(2), the court will allow plaintiffs to supplement their motion within 10 days of the filing of this order. If plaintiffs fail to provide sufficient support for their damages claim, the court will deny plaintiffs'

-3-

Case 2:08-cv-00597-JPS   Filed 04/08/09   Page 3 of 4   Document 13

motion for default judgment to the extent plaintiffs' seek damages, and dismiss this case.

The court notes that plaintiffs have established their entitlement to attorneys' fees. Under 29 U.S.C. § 1132(g)(2)(D), the court is obliged to award plaintiffs reasonable attorneys' fees. In support of their attorneys' fees claim, plaintiffs include an affidavit from their counsel that provides an itemized accounting of fees totaling $1,140.00. (Docket #11). The court finds plaintiffs' requested attorneys' fees to be reasonable, and will award fees in the amount of $1,140.00 after the court is able to make a determination as to damages in this case.[1]

Accordingly,

**IT IS ORDERED** that plaintiffs shall have ten (10) days from the filing of this order to file supplemental materials in support of their claim for damages in this case.

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] The court will not, however, grant plaintiffs any additional attorneys' fees that may result from the preparation and filing of supplemental materials in accordance with this order.

-4-