UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND;
CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS;
WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT
AND APPRENTICESHIP FUND;
JOINT LABOR MANAGEMENT WORK PRESERVATION FUND;
TERRANCE E. MCGOWAN; and INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 139 AFL-CIO,

           Plaintiffs,
v.                                          Case No. 08-CV-597

HAWK CONSTRUCTION LLC,

           Defendant.
_____

## ORDER

On July 11, 2008, plaintiffs filed a complaint against Hawk Construction, LLC ("Hawk") alleging Hawk failed to make timely contributions to plaintiffs on behalf of its employees covered by a collective bargaining agreement. A summons was returned executed by plaintiffs indicating Hawk was served on July 29, 2008. (Docket #5). Hawk having failed to answer or otherwise respond within the time required by the Federal Rules of Civil Procedure, plaintiffs moved for entry of default and for default judgment against Hawk on February 25, 2009. (Docket #7). The clerk of the court entered Hawk's default on February 26, 2009. Hawk has not responded to plaintiffs' motion for default.

Upon initial review of plaintiffs' motion, the court was not convinced that plaintiffs' had adequately demonstrated their entitlement to damages. Rather than

grant a hearing or deny plaintiffs' motion outright, the court granted plaintiffs leave to supplement their motion. (Docket #13). On April 20, 2009, plaintiffs filed an additional brief in support. (Docket #14). The court now considers plaintiffs' motion.

In its previous order, the court made the following findings based on the allegations in the complaint: (1) that Hawk violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145 by failing to make monthly fringe benefit contributions to, and filing timely reports with plaintiffs in accordance with a collective bargaining agreement; (2) that Hawk violated the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185 by failing to deduct union dues from its employees' wages and remit those amounts to plaintiffs in accordance with a collective bargaining agreement; and (3) that Hawk violated the LMRA by failing to make contributions to plaintiff Joint Labor Management Work Preservation Fund in accordance with a collective bargaining agreement.

As the court also noted in its previous order, plaintiffs must show that they are entitled to damages. *See Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). In support of their claim of damages, plaintiffs direct the court to 29 U.S.C. § 1132(g)(2), which provides the following:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>  (I) interest on the unpaid contributions, or
-2-

> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

With their original motion, plaintiffs filed an itemized list of damages, which includes the following: (1) $144,595.35 due for delinquent fringe benefit contributions; (2) $18,948.96 in "delinquent payment assessments"; (3) $8,970.55 in interest; and (4) $1,140.00 in attorneys' fees. (Docket #9). Plaintiffs included a copy of an audit report detailing the amounts owed by Hawk, and an affidavit from a custodian of plaintiffs' records verifying the results of that audit. (Docket ##'s 7, 12).

In their supplemental brief, plaintiffs provide little additional support for their motion. Plaintiffs cite the statutory basis for their damages request, but declined the court's invitation to provide any relevant provisions of the parties' actual collective bargaining agreement or agreements. Most troubling, plaintiffs never explain to the court what is included in the itemized category of "delinquent payment assessments" or where exactly such assessments are authorized in the parties collective agreements or otherwise by statute.

According to the complaint,[1] Hawk agreed to make pension, health and skill improvement contributions to plaintiffs, to liquidate damages for late contributions at 20% of the delinquent or untimely contributions, to pay interest on the late payments at 1.5% per month, to pay costs of an audit if payments are delinquent, and to pay reasonable attorneys' fees and costs if necessary. (Compl. Count I ¶ 6, Docket #1). The complaint also alleges that Hawk was obligated under the agreements to pay union dues on behalf of its employees and to contribute to the union's labor management cooperative committee. (Compl. Count II ¶¶ 3-5, Count III ¶¶ 3-5).

Based on the affidavits and audit report filed, in conjunction with the complaint and plaintiffs' supplemental brief, the court finds that plaintiffs have established their entitlement to unpaid contributions in the total amount of $144,595.35. Similarly, plaintiffs have demonstrated their entitlement to interest in the amount of $8,970.55. Having previously found in the April 8, 2008 order that plaintiffs' request for attorneys' fees was reasonable, the court will grant plaintiffs their attorneys' fees in the amount of $1,140.00. Together, these items total $154,705.90.

However, plaintiffs have failed to demonstrate their entitlement to the amount itemized as delinquent payment assessments. The amount sought, totaling $18,948.96, could represent liquidated damages authorized under § 1132(g)(2)(C) and described in the complaint, but this is far from obvious. The complaint refers to

---

[1] The court notes parenthetically that a substantially similar, if not nearly identical, version of the complaint in this case has been used by plaintiffs in previous litigation in this district. *See Operating Eng'rs Local 139 Health Benefit Fund v. Pro-Mar Constr. Inc.*, No. 07-CV-944 (filed October 22, 2007).

-4-

liquidated damages as being 20% of the unpaid late contributions, but the amount requested by plaintiffs as delinquent payment assessments is not 20% of the amount sought as unpaid contributions. The audit reports submitted include an item called delinquent payment assessments in their calculations, but never define it. Neither the complaint, nor the ERISA statute refers to delinquent payment assessments, and the court refuses to read tea leaves and divine what that term is meant to encompass. Plaintiffs were given an opportunity to fully explain their damages request, but have not done so. As a result, the court declines to award plaintiffs the amount itemized as delinquent payment assessments.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for default judgment (Docket #7) be and the same is hereby **GRANTED** in part;

**IT IS FURTHER ORDERED** that judgment be entered against the defendant, and in favor of the plaintiffs in the amount of $154,705.90.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge